**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| COLEGIO DE ABOGADOS Y ABOGADAS DE PUERTO RICO, et alia,<br>Plaintiffs,<br><br>and<br><br>EVELYN AIMÉE DE JESÚS, in her individual capacity, and on behalf of others similarly situated,<br>Plaintiffs-Intervenors,<br><br>v.<br><br>STEIDEL FIGUEROA, et alia, defendants | Case No. 19-2135 (WGY)<br><br>Re: Violation of Civil Rights; Action for Declaratory Judgment, Injunctive Relief and Attorney's Fees |

**COMPLAINT IN INTERVENTION**

**TO THE HONORABLE WILLIAM G. YOUNG**
**UNITED STATES DISTRICT COURT JUDGE:**

Proposed Intervenors-Plaintiffs, Evelyn Aimée De Jesús Rodríguez a/k/a Evelyn Aimée De Jesús, pro sé, in my individual capacities, and on behalf of other attorneys similarly situated, respectfully STATES, ALLEGES, AND PRAYS:

**FACTUAL BACKGROUND**

This is an action filed by the Puerto Rico Bar Association (in Spanish "Colegio de Abogados y Abogadas de Puerto Rico) requesting injunctive relief and declaratory judgement where

Regulation for Pro Bono Attorneys has been challenged under constitutional grounds.

## JURISDICTION

This Court has subject matter jurisdiction under 28 USC §§ 1331 and 1334 as these are issues brought under the United States Constitution and the Civil Rights Act of 1871, as amended, 42 USC §§ 1983 and 1988. In addition, there is diversity of citizenship between the undersigned attorney, also a plaintiff in the above captioned case, as I reside in the State of Florida and I bring claims towards the Government of Puerto Rico.

## FACTS

1. Plaintiffs are all attorneys duly admitted to practice before the Commonwealth of Puerto Rico.
2. Plaintiffs are all active members of the Puerto Rico Bar Association.
3. Membership to the Puerto Rico Bar Association **is not mandatory** in order to practice law in Puerto Rico.
4. I am a licensed attorney in Puerto Rico since 2001. I currently reside in the State of Florida. Upon information and belief, the instant Complaint is filed by only by attorneys who are residents of Puerto Rico.

5. I am not a member of the Puerto Rico Bar Association. Membership to the Puerto Rico Bar is not mandatory in order to be authorized to practice law in Puerto Rico.

6. The Complaint is filed on behalf of active members of Puerto Rico Bar Association.

7. The undersigned attorney had to close her practice and like many other attorneys in Puerto Rico, had to move to mainland United States due to Hurricane María. There are other attorneys similarly situated who also had to move from Puerto Rico due to Hurricane Maria. I foresee that more attorneys in Puerto Rico will be forced to do so this year due to the current tremors and earthquakes in the island.

8. Last month, United States President, Donald Trump, declared a State of Emergency in Puerto Rico due to the current tremors and earthquakes in the island.

9. There other Puerto Rico attorneys who had to move to the mainland for other reasons: some are United States Veterans who have honorably served the United States and who need to seek treatment in other U.S. Veteran Hospital facilities in the mainland. Others, as any protective and caring parent, had also been forced to close their practices or resign to their jobs because they have a child with a health or

special education conditions which need to be addressed. Of the latter, many are women who are also single parents.

10. On January 29, 2020, I received a "Notice of Determination" from the Supreme Court of Puerto Rico (hereinafter "the Order") in response to my "Declaration" timely before the Court, in order to be exempted from the Regulation for Pro Bono Attorneys in Puerto Rico under Rule 9(a) as I am a legal resident of the State of Florida and I do not practice in Puerto Rico.

11. Despite the fact that my exemption "was granted" as I am a resident of Florida, the wording of the of the Order, as drafted, constitutes a taking without due process under the Constitution of the United States and the Constitution of Puerto Rico as it prohibits me to fully engage in private practice.

12. Despite the fact that my exemption "was granted" as I am a resident of Florida, the wording of the of the Order, as drafted, is a taking without due process under the Constitution of the United States and the Constitution of Puerto Rico as it prohibits me to fully engage in private practice and without just (or no) compensation at all..

13. Said Order, as drafted, preempts United States regulations on licensed attorneys who are active in any

United States jurisdiction (such as we all are), and who are able to practice before United States administrative fora such as the Executive Office of Immigration Review, just to name an administrative federal entity. Just because I relocated to another jurisdiction, Puerto Rico has not authority to prohibit me to practice before the Government of the United States: Executive, Judiciary, nor Legislative Branch as federal regulations allow me to do. By doing so, the Government of Puerto Rico has violated my right to travel under the United States Constitution and I am been punished by being "disbarred".

14. As a result, the Order in question preempts me to practice before the US District Court for the District of Puerto Rico and before the US Court of Appeals of the First Circuit, where I am also admitted. Both courts require me to be admitted practice to an United States jurisdiction prior to requesting admission to their bars.

15. Said Order, as drafted, preempts United States regulations on licensed attorneys who are active in any United States jurisdiction (such as me), and who are able to practice before United States administrative fora such as the Executive Office of Immigration Review where I am currently registered as an attorney.

16. Just because I relocated to another jurisdiction within the United States, the Government Puerto Rico has not authority to prohibit me to practice before the Government of the United States: Executive, Judiciary, nor Legislative Branch as federal regulations allow me to do. By doing so, the Government of Puerto Rico has violated my right to travel under the United States Constitution and I am been punished by being "disbarred".

17. As of now, this Order precludes me to continue job hunting as a legal professional since I am prohibited to engage in private practice (either for a law firm or with a duly established private practice.) Under these grounds, I am also prohibited to obtain a professional liability insurance policy nor a law firm will want to hire me since I am both a liability and attorney who is, literally, prohibited to practice.

18. On October 2017 I had to close a private practice in Puerto Rico which I built upon hard work and efforts for more than 15 years. I had leave everything behind and flee to Florida due to Hurricane Maria where I became, literally, a dislocated worker under the Workforce Investment Opportunity Act. Now, at 46, I had to start things anew professionally.

19. The Supreme Court of Puerto Rico has taken everything from me: my right to make an honest leaving and I have been stripped from my license. I am not the only attorney who is similarly situated.[1]

### CLAIMS FOR RELIEF

I adopt by reference the plaintiffs' claims for relief on paragraphs 45 to 65 of the instant Complaint (DE 1).

### ADDITIONAL CLAIM FOR RELIEF-TAKING

The Commonwealth of Puerto Rico Supreme Court has stripped me from my attorney license by prohibiting to engage in private practice nor charge for my services rendered.

This is a taking without due process and without just compensation under the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico.

### PRAYER FOR RELIEF

To facilitate proceedings, I adopt the prayer for relief (Section IX) of the instant Complaint (DE I), items A to D. In addition, I request damages, just compensation for stripping me from my license by prohibiting to engage in private practice of the law. I also request that this Regulation is declared null

---

[1] You may confirm that my case as a dislocated or displaced attorney has been covered by media targeted to the legal community in the United States (Law 360). I have written about this on www.microjuris.com.

and void and that the Order is declared as null and void because it preempts federal law and my right to practice as an active attorney licensed to practice in an United States jurisdiction under the Constitution, laws, and regulations of the United States of America and Grant any other remedy deemed applicable under the law.

Respectfully submitted in Tampa, Florida.
Dated February 3, 2020.

s/**EVELYN AIMÉE DE JESÚS**<br>
EVELYN AIMÉE DE JESÚS<br>
USDC PR 218401<br>
In her individual capacity, pro sé,<br>
*Intervenor*<br>
PO Box 4471<br>
Tampa, FL 33677-4471<br>
evelynaimee@me.com<br>
Telephone (787) 593-3055<br>
(813) 734-0232

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are Registered as ECF Filers and that they will be served by the CM/ECF system:

- Guillermo Ramos Luiña (Counsel for Plaintiffs,)
- Juan A. Marqués-Díaz (Counsel for Defendants, and
- Isabel Torres Sastre (Counsel for Defendants.)

By s/**EVELYN AIMÉE DE JESÚS**<br>
USDC PR 218401<br>
*Intervenor*