IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Colegio de Abogados y Abogadas de Puerto Rico, et al,<br>Plaintiffs | CIVIL NO. 19-2135 (WGY) |
| and | Re: Violation of Civil Rights |
| Maritza Ortiz, in her individual capacity, and on behalf of others similarly situated,<br>Intervenors, | |
| v. | |
| Steidel Figueroa, et al,<br>Defendants | |

**COMPLAINT IN INTERVENTION**

TO THE HONORABLE COURT:

COMES NOW the Intervenors-Plaintiffs, MARITZA ORTIZ, PRO SE, in her individual capacity, and on behalf of other groups similarly situated, respectfully alleges, and prays as follows:

**JURISDICTIONAL BASIS**

1. Rule 24, of the Federal Rules of Civil Procedure, gives us the right to intervene, as the outcome of this lawsuit directly affects our right to work, and affects the opportunities to have our own rights protected, in a court of law. Attorney Ortiz, is not only a licensed attorney, but has filled out the defendant's own "*Forma Pauperis Application*", to litigate free-of-charge, many times during the last decade.

**FACTS**

2. Intervenor is an attorney duly admitted to practice before this Honorable Federal Court for the District of P.R., before the Commonwealth of Puerto Rico, etc.

3. Intervenor is not a member of the "CAPR" and/or Puerto Rico Bar Association.

4. Upon information and belief, the instant Complaint is filed by attorneys who have not been filling out "*Forma Pauperis Applications*" applications, and/or who have been similarly situated under conditions, heavily impacted by poverty.

5. The Intervenor holds a 40 hours per week (full-time) job, for a foreign private company, not directly related to hands-on litigation, within any court system (8:00 a.m.- 5:00 p.m.).

6. The Intervenor's employer controls her vacation time, off work, at its will.

7. On or about January 2020, Intervenor submitted an application to be exempted from the 2018's Puerto Rico Regulation for the Assignment of Court Appointed Attorneys.

8. On or about March 2020, Intervenor opened a part-time practice, in order to help a victim of domestic violence (for about a $50.00 rate per month). Later on, she kept accepting 2-3 additional cases, on a part time basis, throughout 2020, hoping she will someday be able specialize in First Circuit cases, pertaining to uncontrolled sexual abuse cases, that remains rampant throughout the island.

9. On or about that same time, Intervenor filed a written motion, making the Supreme Court of P.R. aware, about the Intervenor's spontaneous decision to open a small practice (on a part-time basis). Although I have written evidence confirming my intention to keep the Honorable Supreme Court informed, no employee has ever responded, nor has sent Intervenor any type of feedback, about the way, and manner such document would affect the way my name was exempted from 2018's Puerto Rico Regulation for the Assignment of Court Appointed Attorneys.

10. Intervenor's limited time off from her full time job, whenever she litigates a live case in court, costs Intervenor no less than $200.00 of dilapidated leave-balance, taken away from her regular vacation time off.

11. A couple of hours ago, it was brought into my attention, that my approved exemption, prohibits me to engage in any form and manner, with any degree of private practice, with or without any type of compensation, regardless of whether or not I informed it, in writing, and in person. It was also brought into my attention that I am also prevented to open my notarial practice, in anyway or manner, even if is to sign one single affidavit.

12. As most licensed attorneys have endured during the last decade, Intervenor makes a salary very close to the one listed on the "*Maximum Allowable Income Levels By Family Size*" (and/or "*Niveles de Ingreso Máximo Permitido Por Tamaño Familiar*"), listed within 2018's Puerto Rico Regulation for the Assignment of Court Appointed Attorneys[1].

**NIVELES DE INGRESO MÁXIMO PERMITIDO POR TAMAÑO DE NÚCLEO FAMILIAR[1]**

| Número de Personas en la Unidad Familiar | Ingreso Máximo Anual | Ingreso Máximo Mensual |
|---|---|---|
| 1 | $12,760 | $1,063 |
| 2 | $17,240 | $1,437 |
| 3 | $21,720 | $1,810 |
| 4 | $26,200 | $2,183 |
| 5 | $30,680 | $2,557 |
| 6 | $35,160 | $2,930 |
| 7 | $39,640 | $3,303 |
| 8 | $44,120 | $3,677 |
| 9 | $48,600 | $4,050 |
| 10 | $53,080 | $4,423 |
| Para familias con más de 10 miembros, añadir $4480 al ingreso anual por cada persona adicional | | |

---

[1] Not all of us, specially solo practitioners, have been able to make ends meet, nor have the financial means, nor the monthly steady income, that would allow us to hire staff, nor manage all expenditures related to what defendants' expect from us. We truly believe that for those of us, that at some point or another, would be able to access free legal services, must remember to stay honest with ourselves, and admit that about 90% of the population residing in Puerto Rico, have salaries that fall below $1,900 per month. This reality makes it impossible for the vast majority of families and indigent minors to be able to access what 2018's Puerto Rico Regulation for the Assignment of Court Appointed Attorneys, makes it look it wants, at the sole expense of struggling attorneys.

Pg. 4

13. As a result, it has now become clear, that the 2018's Puerto Rico Regulation for the Assignment of Court Appointed Attorneys insists in denying my right to practice law, before the U.S. District Court for the District of Puerto Rico, before immigration courts around the nation, etc. It literally seems to be preventing me from earning any degree of income, as all of my legal services require me to be admitted, and to be authorized, to practice law in Puerto Rico.

14. I believe it is wrong for anyone, to prohibit me, or to even regulate the degree, and manner that I choose when I decide to practice law. My limited practice should respond to my confidential needs, and should fit my financial and private needs. Allowing the local government to use my right to work, to fit their own needs, looks like if the local government of Puerto Rico, somehow acquired an interest over my own diploma and private life. It surely looks like if my student loans, and my years of studies, were now 100% controlled by anyone else, but myself!

15. Similarly, it is wrong to promote or expand the local government's power to dictate, unilaterally, the way and manner by which all attorneys:
    a. Should use their time
    b. Should use their scarce resources
    c. Should, themselves, impose unpaid hours of work that are really intended to donate work for the local government.

16. For us, it surely looks like if the Judicial and Executive branches seek to distribute their own workload, and distribute it unevenly throughout low-income attorneys, whose sole crime seems was to pass a bar exam. Government officers' make around $90,000 per year. This amount is no less than 75% higher than what the Intervenor makes, specially as a solo practitioner.

17. We are 100% convinced that 2018's Puerto Rico Regulation for the Appointed Attorneys' group of rules is an underdeveloped regulation that is filled with unanswered flaws that perpetuate slavery. To the Intervenor, most internal or administrative rules that come out of defendants' offices, or similar government branches (that have touched, for her detriment, the Intervenor's life), seem extremely secretive, and have the exact denominator: they all seem unconstitutional, underdeveloped, if these happened to exist, or happened to be used with equality, at all.

18. I think that the defendants should find their own public employees, someplace else, other than by attacking low-income attorneys. They must provide steady salaries, with brand new employees that will be ready and able, to implement everything this Honorable Court finds reasonable, under this Complaint. Ordering it can help prevent, and prohibit defendants from adding unpaid labor to licensed attorneys, who do not wish to engage in any procedural complications, that are not directly related to litigation for the under-served communities. All

secretarial or administrative duties related to what defendants' persist to impose, must fall within the defendants' own scope of duties, and should not fall over any private citizen, that does not work for the local government.

**CLAIMS FOR RELIEF**

I adopt by reference the Plaintiffs' claims for relief on paragraphs 45 to 65 of the instant complaint (DE 1). I also request for this Honorable Court to order and/or impose:

* A trial period, of no less than five consecutive years, before the defendants are allowed to impose a reasonable, progressive, flexible, and sanction-free disciplinary system, related to violations to 2018's Puerto Rico Regulation for the Assignment of Court Appointed Attorneys.

* Impose a penalty system against defendants, whenever they fail to pay attorneys' labor, within a 30-day time limit, from the moment the legal services were provided.

* That the defendants' are prevented, on a permanent basis, from implementing, and ordering underdeveloped, and abusive rules that keep harming vulnerable communities, which include all licensed attorneys who make anywhere from $20,000 to $50,000 a year too.

* Declare all licensed attorneys who make anywhere from $00.01 to $50,000 a year, permanently exempted from being forced to comply with 2018's Puerto Rico Regulation for the Assignment of Court Appointed Attorneys.

Pg. 7

* That the defendants' are prevented, on a permanent basis, from implementing, and ordering underdeveloped and abusive rules that keep harming vulnerable communities, without providing a complete set of monthly, formal, and free of charge training, that will reasonably cover, all its complications, and the always changing scenarios that were highlighted with COVID19, etc.
* That before ever approving rules like the ones attacked under this Complaint, defendants must first hire a new set of their own public employees. Except for the actual legal work inside a courtroom, these should be the ones able to implement all defendants are allowed to impose.
* Impose the defendants, a heavily regulated, and documented process, each time a government officer imposes free work to a licensed attorney. All attorneys should be then have the option and freedom to inspect, and object everything that does not comply with the imposed rules.
* For this Honorable Court to order defendants to impose a realistic guideline, pertaining to all of those who, at some point or another, have used, or will need to use free legal services. We are referring to the absurd, and to the extremely low threshold, listed under "*Maximum Allowable Income Levels By Family Size*" table. It is clear that the vast majority of the population makes one or two more bucks, than the one listed in that table, which is not enough to hire any

attorney, ever. The current amounts makes it virtually impossible, for any low income family to get their fair shot in court.

**PRAYER FOR RELIEF**

To facilitate proceedings, I adopt the prayer for relief (Section IX) of the instant complaint (DE I), items A to D.  In addition, I request damages, and reasonable compensation for, in an implicit manner, stripping me from my license or by prohibiting me from using any of my licenses, nor engage in private practice.  I also request that 2018's Puerto Rico Regulation for the Assignment of Court Appointed Attorneys be declared unconstitutional.

RESPECTFULLY SUBMITTED.

In Carolina, Puerto Rico, this **17th day of January**, **2021.**

Intervenor's Counsel:
```
                    By: /S/ MARITZA ORTIZ, ESQ.
                    USDC PR 300702
                    P.O. BOX 361165
                    San Juan, P.R. 00936
                    914-572-5249
                    ATTYMARI@OUTLOOK.COM
```

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically filed the foregoing document with the United States Court for the District of Puerto Rico by using the CM/ECF system. I certify that the following parties or their counsel of record are Registered as ECF filers, and that they will be served by the CM/ECF system:

Guillermo Ramos-Luiña, Esq. (counsel for plaintiffs)
Juan Marqués-Díaz, Esq. (counsel for plaintiffs)
Isabel Torres-Sastre, Esq. (counsel for defendants)

```
                    By: /S/ MARITZA ORTIZ, ESQ.
                    USDC PR 300702
                    Intervenor
```