**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| COLEGIO DE ABOGADOS Y ABOGADAS DE PUERTO RICO, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> HON. SIGFRIDO STEIDEL FIGUEROA, ET AL., <br><br> Defendants. | CIVIL NO. 19-2135 (WGY) <br><br> RE: Civil Rights; Declaratory Judgment; Injunctive Relief |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING INTERVENOR COMPLAINT**

TO THE HONORABLE COURT:

COME NOW all Defendants, through the undersigned attorneys, and respectfully move for the entry of summary judgment insofar as the *Complaint In Intervention* (Docket No. 38) has become moot.

## I.    INTRODUCTION

In her *Complaint In Intervention* (Docket No. 38) (the "Intervenor Complaint"), Plaintiff Evelyn Aimée De Jesús Rodríguez ("Attorney De Jesús") alleges that the Supreme Court of Puerto Rico's "Notice of Decision" granting her request for exemption from the application of the Rules for the Appointment of Counsel in Puerto Rico (the "Regulation") constitutes a taking without due process as it purportedly prohibits her from fully engaging in the practice of the law. Attorney De Jesús' claim is founded on an incorrect interpretation of the "Notice of Decision", which only bars her from engaging in the private practice of law in Puerto Rico (based on her representation that she does not reside or practice law in Puerto Rico). Nevertheless, in order to clear any doubts, while this case was pending, the Supreme Court of Puerto Rico sent Attorney De Jesús a "Notice of Amended Decision" which does not contain the language that she protests about in the Intervenor Complaint. Accordingly, given that Attorney De Jesús complaint rests

solely on factual allegations relating to the language of the "Notice of Decision" and her interpretation of said language, and considering that the "Notice of Amended Decision" eliminated said language, Attorney De Jesús' Intervenor Complaint has become moot and should be dismissed.

## II.    STATEMENT OF UNCONTESTED MATERIAL FACTS

1.      On January 29, 2020, Attorney De Jesús received a "Notice of Decision" from the Puerto Rico Supreme Court granting the exemption she had requested because she neither resides nor practices law in Puerto Rico (Rule 7(b)(3)). **Exhibit 1**.

2.      The "Notice of Decision" additionally provides "[y]ou are enjoined from private practice while this exemption is in force, unless legal services are rendered without compensation to facilitate access to adequate legal services for those who cannot pay for them.  Engaging in the private practice of law or of the notarial profession outside these parameters while this exemption is in force may bring about a disciplinary proceeding." **Exhibit 1**.

3.      On February 3, 2020, Attorney De Jesús filed the Intervenor Complaint alleging that the "Notice of Decision" purportedly prohibits her from fully engaging in private practice outside of Puerto Rico. (Docket No. 38 at ¶ 11.)

4.      As a result of her interpretation of the language of said notice, Attorney De Jesús claims that the notice constitutes a disbarment and that she has suffered a taking without due process or compensation. *Id* at ¶¶ 11 and 13.

5.      On February 4, 2020, the Clerk of the Puerto Rico Supreme Court sent Attorney De Jesús an "Notice of Amended Decision" which does not contain the language that she protests about in the complaint.  *See* **Exhibit 2** hereto. The amended notice is devoid of any language that could be interpreted as prohibiting Attorney De Jesús from fully engaging in private practice outside of Puerto Rico, much less disbarring her. *Id.*

6.      Moreover, pursuant to the "Notice of Amended Decision", Attorney De Jesús is exempted from the application of the Regulation.[1]  *Id.*

### III.      APPLICABLE LAW

#### A.  Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Aponte-Santiago v. López-Rivera,* 957 F.2d 40 (1st Cir. 1992).  An issue of fact is "genuine" if "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party;" a fact is "material" if it is "one susceptible of altering the outcome of the litigation [under the applicable law]."  *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 352 (1st Cir. 1992). Accordingly, the moving party bears the two-fold burden of showing that "no genuine issue exists as to any material facts," and that the movant is "entitled to judgment as a matter of law."  *Vega-Rodríguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir. 1997).

In order to rebut the movant's showing, the opposing party must cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The United States Supreme Court has stated that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex*, 477

---

[1] Although the exemption has a duration of one year and needs to be renewed yearly, Attorney De Jesús has not amended her Intervenor Complaint to allege that her subsequent exemption renewal requests were denied and Defendants have no reason to believe that they were.

U.S. at 323-24.  As a matter of law "Rule 56 does not require the moving party to *negate* the elements of the nonmoving party's case; to the contrary, 'regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied'."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *see also Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1036 (8th Cir. 2005) ("[e]vidence, not contentions, avoids summary judgment.") (*quoting Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## B.  Mootness

Because Article III restricts this court's jurisdiction to "Cases" and "Controversies," U.S. Const. art. III § 2, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. Another way of putting this is that a case is moot when the court cannot give any effectual relief to the potentially prevailing party." *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops (ACLUM )*, 705 F.3d 44, 52 (1st Cir.2013) (internal quotation marks and citations omitted).  "Thus, 'if an event occurs while a case is pending ... that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the [action] must be dismissed.'" *Gulf of Me. Fishermen's All. V. Daley*, 292 F.3d 84, 88 (1st Cir. 2002) (alterations in original) (*quoting Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).  "[A]n actual controversy must exist at all stages of the review, not merely at the time the complaint is filed."  *ACLUM*, 705 F.3d at 52.

## IV.   ARGUMENT

Attorney De Jesús' constitutional taking claim became moot, during the pendency of this case when the Supreme Court of Puerto Rico sent her the "Notice of Amended Decision". Because the amended notice does not include any language that could reasonably be interpreted as enjoining Attorney De Jesús from practicing law outside of Puerto Rico, including in her current state of residence, there is no factual basis for her taking claim.  There is likewise no factual basis

that could support her claim that the notice constitutes a disbarment.  Accordingly, as a result of the "Notice of Amended Decision", currently, no controversy exists arising from the Intervenor Complaint and, thus, the Court should dismiss it as moot.  Additionally, because Attorney De Jesús' exemption was granted based on the representation that she does not reside or practice law in Puerto Rico, she lacks standing to question the Regulation.

WHEREFORE, Defendants respectfully request that the Court enter summary judgment dismissing the *Complaint In Intervention* (Docket No. 38) as it has now become moot.

Respectfully submitted.

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 16th day of January, 2023.

MCCONNELL VALDES LLC
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Tel: (787) 759-9292
Fax: (787) 759-8282

By: s/ *Juan A. Marqués-Díaz*
Juan A. Marqués-Díaz
USDC-PR No. 211803
jam@mcvpr.com

By: s/ *Isabel Torres Sastre*
Isabel Torres Sastre
USDC-PR No. 229114
its@mcvpr.com