IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COLEGIO DE ABOGADOS Y ABOGADAS DE PUERTO RICO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIGFRIDO STIEDEL FIGUEROA, et al., <br><br> Defendants. | CIVIL NO. 19-2135 (CVR) |

**OPINION AND ORDER**

The present case arises from a challenge to the Puerto Rico Supreme Court's adoption of new regulations for the appointment of *pro bono* counsel in Puerto Rico for indigent defendants (the "Regulation"). Plaintiffs are the "Colegio de Abogados y Abogadas de Puerto Rico" and several attorneys licensed to practice the legal profession in Puerto Rico who allege the Regulation infringes on their right to liberty, property and equal protection under the law, and deprives them of their property without just compensation. Defendants are the Regional Administrative Judges for each of the thirteen (13) Judicial Regions of the Puerto Rico Court of First Instance and the Secretary of the Puerto Rico Supreme Court.

In February, 2020, Intervenor Evelyn Aimee de Jesús ("Attorney de Jesús") filed a "Complaint in Intervention" alleging she is a licensed Puerto Rico attorney currently living in Florida. (Docket No. 38). She sought an exemption to comply with the Regulation's requirements because she lived out of state, and averred that the Regulation effectively stripped her of her license as it prohibited her from engaging in private practice

or to charge for her services, and that this situation constituted a taking without due process and without just compensation. Similarly, she proffered that the notice she received from the Supreme Court "as drafted, constitutes a taking without due process under the Constitution of the United States and the Constitution of Puerto Rico as it prohibits me to fully engage in private practice." (Docket No. 38, p. 4, § 11).

Before the Court now is "Defendants' Motion For Partial Summary Judgment Dismissing Intervenor Complaint" in which Defendants argue that, after Attorney de Jesús intervened in this case, the Supreme Court of Puerto Rico sent her an amended notice that did not contain the language that she claimed violated her rights. Since the amended notice eliminated the allegedly illegal language, her causes of action have become moot and her complaint should be dismissed. (Docket No. 90).

Attorney de Jesús filed an opposition to the request for summary disposition admitting that her claims have become moot. However, she asked the Court not to adjudicate Defendants' Motion for Summary Judgment on the merits and instead requested that she be allowed to voluntarily dismiss her intervenor complaint without prejudice. (Docket No. 93).

The Constitution limits the power of the federal courts to the adjudication of live cases and controversies. See U.S. Const. art. III, § 2. The Court is therefore empowered to adjudicate cases only as long as "an actual controversy [is] extant at all stages of review." Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 67, 117 S.Ct. 1055 (1997).

It is undisputed that the Intervenor Complaint has become moot. As such, the Court must adjudicate Defendants' Motion for Summary Judgment on the merits.

Case 3:19-cv-02135-CVR  Document 94  Filed 01/20/23  Page 3 of 3

Colegio de Abogados y Abogadas de P.R., et al, v. Sigfrido Stiedel Figueroa, et al.
Opinion and Order
Civil 19-2135 (CVR)
Page 3
_____

Accordingly, Defendants' Motion for Summary Judgment is GRANTED (Docket No. 90) and Attorney de Jesús' Intervenor Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 20th day of January 2023.

                                 S/CAMILLE L. VELEZ-RIVE
                                 CAMILLE L. VELEZ-RIVE
                                 UNITED STATES DISTRICT JUDGE