**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| COLEGIO DE ABOGADOS Y ABOGADAS DE PUERTO RICO, ET AL., <br><br>Plaintiffs, <br><br>v. <br><br>HON. SIGFRIDO STEIDEL FIGUEROA, ET AL., <br><br>Defendants. | CIVIL NO. 19-2135 (WGY) <br><br>RE: Civil Rights; Declaratory Judgment; Injunctive Relief |

**REPLY TO OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, AND IN COMPLIANCE WITH ORDER**

TO THE HONORABLE COURT:

COME NOW, all Defendants, through the undersigned attorneys, and respectfully reply to Plaintiffs' *Opposition to Motion to Dismiss the Second Amended Complaint* (Docket No. 101) and reiterate their request for the Court to dismiss the Second Amended and Supplemental Complaint (Docket No. 51-1) (the "Complaint").

**INTRODUCTION**

On January 16, 2023, Defendants filed a *Motion to Dismiss the Second Amended Complaint for Want of Standing and Ripeness or, In the Alternative, for Failure to State a Claim* (Docket No. 91) (the "Motion to Dismiss"). After seeking several extensions, on March 7, 2023, Plaintiffs filed their Opposition to Motion to Dismiss. On March 8, 2023, the Court entered an Order for Defendants to "express their position as to Docket No. [101] Response to Motion to Dismiss, on or before March 24, 2023." (Docket No. 102). In compliance therewith, Defendants hereby reply to the Opposition to Motion to Dismiss and reiterate their request for the Court to dismiss the Complaint on the grounds argued in their motion.

**ARGUMENT**

A. **Plaintiffs have failed to show they have standing and that their claims are ripe for adjudication.**

Plaintiffs attempt to rebut Defendants' argument that their alleged injuries are speculative and hypothetical by asserting that "all the Individual Plaintiffs, except for Gustavo A. Quiñones Pinto, are in imminent danger of facing disciplinary proceedings due to their failure to comply with the filing of the 'initial declaration' required by Rule 25(b) of the Regulation." (Docket No. 101 ¶ 3.11). It is hard to believe that there is an *imminent* danger of Plaintiffs facing disciplinary proceedings when they admit that the initial declaration was due on December 31, 2019 (*id.* ¶ 3.10, 48), they received notices of noncompliance on either January 4 or 14, 2020 (*id.* ¶¶ 3.10, 50-51), and, to this day, more than three years later, no disciplinary proceedings have been initiated. Moreover, Plaintiffs' Complaint does not question the constitutionality of the initial declaration.[1] Accordingly, they cannot rely on their voluntary decision not to file the initial declaration as the basis for establishing standing to question the constitutionality of other provisions of the Regulation.

Additionally, Plaintiffs argue that they have standing and that the controversy is ripe for adjudication because,

> Individual Plaintiffs Edgardo Román Espada, Evelyn Jannet García López, Eladio Malavé Núñez, Waleska Delgado Sánchez, Nora Cruz Molina and Gustavo A. Quiñones Pinto were serving as court appointed attorneys in various civil or criminal proceedings at the time that the Regulation became effective and, thus, are all subject to the provisions of the Regulation pertaining to the collection of the attorney's fees to which they are entitled and to the reimbursement of the expenses incurred by them as a result of those designations.

(Docket No. 101 ¶ 3.11). But, because the above-named Individual Plaintiffs were already serving as court-appointed attorneys before the Regulation was effective, they cannot possibly support

---

[1] There can be no doubt as to the fact that the Puerto Rico Supreme Court may require all attorneys admitted to practice to provide a declaration containing certain demographic information and that this does not violate Plaintiffs' constitutional rights.

their claim that ***the Regulation*** deprives them of their fundamental right to practice their chosen profession. Given that the Complaint only questions the validity of the Regulation (not of the previously existing scheme for appointing *ex officio* attorneys), Plaintiffs cannot rely on these prior appointments as a basis for standing or ripeness. Moreover, as demonstrated in the Motion to Dismiss, the scheme that was in place prior to the Regulation relating to compensation and reimbursement of costs was less beneficial than under the Regulation. *See* Docket No. 91 at 5-6. For example, under the previous scheme, the payment of attorney's fees and reasonable expenses was only available in criminal cases and had to be requested at the end of the proceeding, rather than monthly. Additionally, attorneys were required to advance litigation costs, which would be reimbursed at the end of the year, only in criminal cases. Whereas, under the Regulation, the advancement of litigation costs is strictly voluntary and, those attorneys who decide to advance the costs can request monthly reimbursements. Therefore, it is hard to see how the fact that these Plaintiffs may receive compensation and reimbursements under the Regulation for their work in prior *ex officio* appointments, among many other benefits which were not available under the prior unregulated scheme, creates an imminent threat of injury to Plaintiffs as a result of the Regulation.

### B. Plaintiffs Have Insufficiently Pled Their Due Process Claims

Plaintiffs cite to case law that establishes that the legal profession is constitutionally protected and, thus, no State can exclude a person from the practice of the law in contravention of the Due Process Clause. This case law is inapposite because the Regulation does not have the effect of excluding Plaintiffs from the practice of the legal profession or stripping them of their bar admission (thus taking away their fundamental right to practice their chosen profession). The Regulation merely establishes a framework for the appointment of *ex officio* counsel which, ***could*** result in Plaintiffs being required to work 30 hours without payment. Working 30 hours on a *pro bono* basis is a far stretch from excluding or banning someone from practicing the legal profession.

Furthermore, Plaintiffs incorrectly aver that "the Regulation does not identify the compelling state interest that would warrant the interference with the Individual Plaintiffs' fundamental right to practice their profession," and that the constitutional right to effective assistance of counsel does not attach to civil cases. (Docket No. 101 ¶ 4.6). Nevertheless, the Regulation states, as its legal basis, that attorneys have an "ethical and professional duty" to provide *pro bono* legal work and offer legal services free of charge to indigent persons pursuant to the Puerto Rico Canons of Professional Ethics, which canons were promoted by plaintiff CAAPR, adopted by the Puerto Rico Supreme Court, and have been in effect since 1972. *See* Regulation at Rule 1. The Regulation further states that, pursuant to Article II, Section 1 of the Puerto Rico Constitution,[2] it is upon the State "to ensure that individuals with limited financial resources have access to legal representation." *Id.* Evidently, there is a constitutionally mandated, compelling state interest in ensuring that indigent persons have equal access to legal representation, and no distinction is made between civil and criminal cases.

### C. Plaintiffs Have Insufficiently Pled Their Vagueness Claim

Plaintiffs argue that they sufficiently pled their vagueness claim because the Complaint alleged that the Regulation does not define the civil proceedings that qualify for *ex officio* appointment, nor defines the term "arisen indigency". According to Plaintiffs, the Court must take this allegation as true, even though it is directly contradicted by the plain language of the Regulation. Although, under the motion to dismiss standard, courts must accept as true all material allegations of the complaint, a court must reject all "unsupported conclusions or interpretations of law." *Stein v. Royal Bank of Canada,* 239 F.3d 389, 392 (1st Cir.2001).

As explained in the Motion to Dismiss, Rule 5 (b), as amended, specifically provides the discreet and limited types of civil proceedings to which the Regulation applies:

---

[2] "The dignity of the human being is inviolable. All men are equal before the law. No discrimination shall be made on account of race, color, sex, birth, social origin or condition, or political or religious ideas. Both the laws and the system of public education shall embody these principles of essential human equality." PR CONST Art. II, §1.

> These Rules will apply to civil judicial proceedings where a natural person has been recognized a right to the appointment of legal representation, as well as proceedings involving basic human needs, which include, among others that may be established by parameters issues by the Office of Court Administration, the following:
>
> (1) Section 11 of the Mental Health and Addiction Services Administration Act, Law No. 67-1993, as amended, 3 LPRA § 402j;
> (2) Sections 3.06, 4.19 and 8.22 of the Mental Health Code of 2000, Law No. 408-2000, as amended, 24 LPRA §§ 6154e, 6155r and 6159u;
> (3) Sections 4 and 21 of the Bill of Rights and Public Policy in Favor of the Older Adults,[**] Law No. 121-2019;
> (4) Section 3 of […] [the] Bill of Rights of Victims and Witnesses of Crime, Law No. 22-1988, as amended, 25 LPRA § 973b;
> (5) Section 5 of the Bill of Rights of Persons Living with HIV,[**] Law No. 248-2018, 1 LPRA § 528d;
> (6) Declaration of incapacity and appointment of a guardian, where there are no assets that suggest a lack of indigency;
> (7) Unlawful detainer (eviction), when the defendant is a tenant receiving government benefits under a public-housing or analogous program;
> (8) Unlawful detainer at sufferance;
> (9) Mortgage foreclosure;
> (10) Habeas corpus;
> (11) Termination of parental rights; or
> (12) Removal of minors or relinquishment of paternal rights.

Regulation at Rule 5 (b). The inclusion of this list of specific civil judicial proceedings resulted from a letter from Plaintiff CAAPR suggesting the exact language that was adopted via amendment. Prior to the February 5, 2020, amendments, Rule 5 (b) did not include the twelve specific types of civil judicial proceedings now contemplated by the Regulation. Although this did not make the Regulation vague, the more specific amended language certainly moots Plaintiffs' vagueness claim, particularly when, as stated before, the language included in the amendment was identical to the list suggested by Plaintiff CAAPR. "[A]n actual controversy must exist at all stages of the review, not merely at the time the complaint is filed." *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops (ACLUM)*, 705 F.3d 44, 52 (1st Cir.2013).

As to the term "arisen indigency", the Court will be able to confirm that it is not contained in the Regulation. The most similar term in the Regulation is "indigency befalling," mentioned in Rule 8 (h), but the term "indigency" is defined in Rule 4 (q), and the term "befalling" can be easily understood in the context of Rule 8 to mean a state of indigence that occurs while a case is

5

pending and the person has already retained private legal representation. As a result, Plaintiffs' vagueness claim fails.

### D. Plaintiffs Have Insufficiently Pled Their Claim Under the Equal Protection Clause

Plaintiffs attempt to save their Complaint by citing to case law from other jurisdictions holding that the obligation to provide criminal defendants with adequate legal representation is the State's alone. The aforementioned case law is certainly not binding in this jurisdiction. Moreover, Plaintiffs did not address Defendants' argument that the applicable rational scrutiny only requires that the State have a legitimate interest and that the purpose sought have a reasonable nexus with the law. *See Ramos Acevedo v. Tribunal Superior*, 133 D.P.R. 599 (1993). In this case, the Regulation easily passes muster. There is no doubt that the State has a legitimate interest in creating a system for providing *pro bono* legal representation for the indigent in furtherance of the principles of equal treatment before the law and no discrimination on account of social condition, both recognized in Article II, Sec. 1 of the Puerto Rico Constitution. Additionally, the classification created by the Regulation: attorneys in private practice, is reasonable. Evidently, only attorneys admitted to the practice of the law in Puerto Rico can represent persons in judicial proceedings. It would be unfeasible to assign this obligation to other professionals who are not qualified to legally represent persons before the Puerto Rico courts. Accordingly, the Regulation rationally excludes persons who are legally precluded from engaging in the private practice of the legal profession.

### E. Plaintiffs Have Insufficiently Pled Their Takings Claim

Plaintiffs incorrectly aver that Canon 1 of the Puerto Rico Code of Professional Conduct is silent as to civil litigants and, thus, only applies to criminal cases. Here again, a reading of the actual text of Canon 1 completely defeats Plaintiffs' argument. Canon 1 recognizes as a **fundamental obligation of each attorney**, guaranteeing that every person receives adequate, integral, and diligent legal representation. Moreover, even though Canon 1 specifically mentions the defense of the accused, it continues that sentence with "**and** the legal representation of

insolvent persons."  There is no doubt that Canon 1 applies to all legal proceedings, not just criminal.[3]

Finally, Plaintiffs ignored and failed to address the federal case law cited by Defendants which supports the position that "[a] Fifth Amendment 'taking' does not occur when the state simply requires an individual to fulfill a commitment he has made." *U.S. v. Dillon*, 346 F.2d 633, 638 (9th Cir.1965) citing, *Kunhardt & Co. v. United States*, 266 U.S. 537, 540 (1925).  "An applicant for admission to practice law may justly be deemed to be aware of the traditions of the profession which he is joining, and to know that one of these traditions is that a lawyer is an officer of the court obligated to represent indigents for little or no compensation upon court order. Thus, the lawyer has consented to, and assumed, this obligation and when he is called upon to fulfill it, he cannot contend that it is a 'taking of his services.'" *Id.* at 635.

## **CONCLUSION**

In their Opposition, Plaintiffs failed to establish that they have standing to bring this Complaint and that the issues are ripe for adjudication.  They also failed to establish that their Complaint pled sufficient facts to warrant a remedy under any of the purported constitutional violations alleged.  This is particularly striking considering that the Regulation has been amended four times, such amendments address and clarify Plaintiffs' concerns, and many of the amendments have incorporated Plaintiff CAAPR's recommendations *verbatim*.  For the foregoing reasons, the Defendants respectfully submit that Plaintiffs' Complaint should be dismissed for want of standing and ripeness or, in the alternative, for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants request that the Court grant this Motion to Dismiss and, as a result, enter judgment dismissing Plaintiffs' Second Amended Complaint with prejudice.

---

[3] *See, e.g. Ramos Acevedo v. Tribunal Superior*, 133 D.P.R. 599 (1993).

Respectfully submitted.

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 14th day of March, 2023.

                                        MCCONNELL VALDES LLC
                                        270 Muñoz Rivera Avenue
                                        San Juan, Puerto Rico 00918
                                        P.O. Box 364225
                                        San Juan, Puerto Rico 00936-4225
                                        Tel: (787) 759-9292
                                        Fax: (787) 759-8282

                                        By: s/ *Juan A. Marqués-Díaz*
                                        Juan A. Marqués-Díaz
                                        USDC-PR No. 211803
                                        jam@mcvpr.com

                                        By: s/ *Isabel Torres Sastre*
                                        Isabel Torres Sastre
                                        USDC-PR No. 229114
                                        its@mcvpr.com